■ ITZCHOK HUDESMAN, Appellant, v MORDECHAI ABRAMCHIK, Respondent.—Appeal by the plaintiff, as limited by his brief, from so much of an order of the Supreme Court, Kings County, dated September 28, 1977, as denied his motion to strike the five affirmative defenses pleaded by the defendant in his answer. Order modified, on the law, by adding thereto,

after the word "denied", the following: "except that the plaintiff's motion is granted to the extent of striking the second, third and fourth affirmative defenses." As so modified, order affirmed insofar as appealed from, with $50 costs and disbursements to the plaintiff-appellant. Respondent's second affirmative defense, that of the Statute of Frauds, should have been stricken by Special Term in view of the written, signed agreements covering the subject transactions. In addition, the third affirmative defense, that of the Statute of Limitations, should also have been stricken, as this action was commenced within six years after the cause of action accrued. Finally, the fourth affirmative defense, that of the alleged insufficiency in the service of process, should have been stricken in view of the respondent's failure to produce any evidence in support thereof. However, the first affirmative defense, that of arbitration and award, was properly permitted to stand, as the award is not so confusing and incapable of clarification as to be invalid as a matter of law; respondent should be permitted to attempt to establish its terms at the trial. In addition, the fifth affirmative defense, that of payment, was also properly sustained, as an issue of fact has been raised in connection therewith, i.e., whether the payment, made by respondent was for the same claims alleged in the complaint. Damiani, J. P., Titone, Gulotta and Shapiro, JJ., concur.